## H. N. SMITH v. STATE.

No. A-7707.   Opinion Filed Jan. 31, 1931.
(295 Pac. 256.)

John T. Levergood, for plaintiff in error.

J. Berry King, Atty. Gen., for the State.

DAVENPORT, P. J.   The plaintiff in error, herein-after referred to as the defendant, was convicted on a charge of transporting intoxicating liquor, and was sentenced to imprisonment in the county jail for 30 days and to pay a fine of $150 and costs, from which judgment the defendant has appealed.

The testimony on behalf of the state is, in substance, as follows:

J. W. Hand testified:

"I was undersheriff at Shawnee on the 24th day of September, 1929.   About 8:30 or 9 o'clock at night I went south of the filling station some 50 or 60 feet and sat down in the weeds.   An automobile drove up in front of the filling station.   Mr. Brown, who ran the filling station, came to the front of the station and went to the car, and some one handed him a sack from the car, and Brown walked with the sack to within a few feet of me, set the sack down and went back to the station.   The sack contained whisky.   I picked the sack up and returned to the station with it.   I was watching the filling station and the car.   A man got out of the car and walked to the front of the building.   The man got out of the car at the time Brown was approaching me with the whisky.   When I got to the station, the defendant, H. N. Smith, was in front of it.   The defendant is the man that got out of the car. I placed the whisky in the sheriff's office, but some one stole the key and broke into the locker and the whisky is gone.   I smelled the contents of the bottle, and it was whisky."

The defendant, testifying in his own behalf, stated:

"I have lived in Shawnee for three or four years.   The evening I was arrested I drove to a filling station.   The proprietor, Mr. Brown, and his brother borrowed my car

to go to their supper. While they were gone I sat on a bench in front of the filling station and was not back of the filling station with my car prior to the time J. W. Hand appeared. The Browns returned in about 30 minutes. About the time they returned Fred Turner drove up to the front in a Buick sedan. I was talking to Mr. Turner when Mr. Hand came up. Hand searched me but found no liquor on me. I did not know the Browns were bringing any liquor back in the car."

Neither of the Brown boys nor Fred Turner was called as a witness for the defendant.

Several errors have been assigned by the defendant; the first being that the court erred in overruling the objection of the plaintiff in error to the juror N. P. Hughbanks as being prejudiced to plaintiff in error's rights. The defendant, in his brief, does not discuss the first assignment of error. From an examination of the record we hold that the rights of the defendant were not prejudiced by reason of the juror N. P. Hughbanks serving on the jury.

The only question argued and discussed by the defendant is the question of the sufficiency of the evidence to sustain the judgment. The testimony in this case is conflicting. This court has repeatedly held that, where there is a conflict in the evidence, that is a question for the jury. In this case the jury decided the conflict in favor of the state and found the defendant guilty.

The defendant was accorded a fair and impartial trial. The court correctly advised the jury as to the law applicable to the facts in the case.

The evidence is sufficient to sustain the judgment, and the case is affirmed.

EDWARDS and CHAPPELL, JJ., concur.